In The United States District Court
For The Western District of Wisconsin.

Lee Brown
    Plaintiff

V

Michael Misner  et al
    Defendants.

Complaint Under the Civil rights act 42 usc §1983
Jury trial demanded, complaint for money damages
and injunction relief.

1. Jurisdiction and Venue

This is a civil rights action authorized by 42 U.S.C §1983
to redress the deprivation under color of State law of rights
secured by the Constitution of the United States. The courts
have jurisdiction under 28 usc § 1331 and § 1343 (a)(3).

The United States District Court for the Eastern District of
Wisconsin is an appropriate venue under 28 U.S.C § 1391 (b)(2)
as it is where the events that follow and stated in the
complaint give rise to this claim occured. This court has
subject matter jurisdiction pursuant to § 801.04 (1) and (2) of
Wisconsin State Statutes.

## Parties

(A) The Plaintiff is:

Lee Anthony Brown #386934
Oshkosh Correctional Institution
1730 W Snell rd / Po Box 3310
Oshkosh, WI 54903

Brown was at all times relevant to this action. Brown was confined at Red Granite Correctional Institution and Oshkosh Correctional Institution.

(B) The first defendant is:

Kevin Carr, Secretary of the Department of Corrections
3099 East Washington ave
Post office box 7925
Madison, WI 53707.

(C) The second defendant is:

Dan Cromwell, warden
Red Granite Correctional Institution
1066 county EE rd / Po Box 925
Red Granite, WI 54970

Cromwell was at all times relevant the Warden of Red Granite correctional

his

offical capacity and personal capacity.

(D) The third defendant is:

Micheal Misner, Warden.
Oshkosh Correctional Institution
1730 West Snell rd / Po Box 3310
Oshkosh, WI 54903.

Misner was at all times relevant, the Warden of Oshkosh
Correctional Institution. Misner is being sued in his offical
capacity and personal capacity.

(E) The forth defendant is:

Captian Hoch, supervisor
Red Granite Correctional Institution
1066 county EE rd / Po Box 925
Red Granite, WI 54970

Hoch was at all times relevant, the supervisor of Red
Granite Correctional Institution. Captian Hoch is being sued
in his offical capacity and personal Capacity.

(F) The fifth defendant is:

Captian Larsen, supervisor
Red Granite Correctional Institution
1066 county EE rd / Po Box 925
Red Granite WI 54970

Larsen was at all times relevant the captian of Red Granite
Correctional Institution. Captian Larsen is being sued in his
offical Capacity and his personal capacity.

(G) The sixth defendant is:

Captian John Doe, supervisor
Red Granite Correctional Institution
1066 county EE rd / Po Box 925
Red Granite, WI 54970

John Doe was at all times relevant the captian at
Red Granite Correctional Institution. Captian John Doe is
being sued in his offical capacity and personal capacity.

(H) The seventh defendant is:

Security Director, John Doe
Red Granite Correctional Institution
1066 county EE rd / Po Box 925
Red Granite, WI 54970.

Security Director John Doe was at all times relevant the security Director at Red Granite Correctional Institution. John Doe is being sued in his offical capacity and personal capacity.

(I) The eighth defendant is:

Sergeant Hall
Red Granite Correctional Institution.
1066 county EE rd / Po Box 925
Red Granite WI 54970

Hall was at all times relevant the Sergeant at Red Granite Correctional Institution. Sergeant Hall is being sued in her offical capacity and personal capacity.

(J) the nineth defendant is:

Sergeant McGibbions
Red Granite Correctional Institution
1066 county EE rd / Po Box 925
Red Granite WI 54970

McGibbions was at all times relevant the sergeant at Red Granite Correctional Institution. McGibbions is being sued in her offical capacity and personal capacity.

(K) The tenth defendant is:

Unit Manager Jaeger
Red Granite Correctional Institution
1066 county EE rd / Po Box 925
Red Granite, WI 54970

Unit Manager Jaeger was at all times relevant the unit Manager at Red Granite Correctional Institution. Jaeger is being sued in his offical capacity and personal capacity.

(L) The eleventh defendant is:

Officer Alice Perez
Red Granite Correctional Institution
1066 county EE rd / Po Box 925
Red Granite, WI 54970

Officer Perez was at all times relevant an officer at Red Granite Correctional Institution. Officer Perez is being sued in her offical capacity and personal capacity.

(M) The twelfth defendant is:

Officer Harley
Red Granite Correctional Institution

1066 county EE rd / Po Box 925
Red Granite, WI 54970

Officer Harley was at all times relevant an officer at
Red Granite Correctional Institution. Harley is being sued
in his offical capacity and personal Capacity.

(N) The thirteenth defendant is:

Security Director Toney Emil
Oshkosh Correctional Institution
1930 west Snell rd / Po Box 3310
Oshkosh, WI 54903

Security Director Toney Emil was at all times relevant
the security Director at Oshkosh Correctional Institution.
Toney Emil is being sued in his offical Capacity and
personal Capacity.

(O) The fourteenth defendant is:

Captian Kuster, supervisor
Oshkosh Correctional Institution
1730 west Snell rd / Po Box 3310
Oshkosh, WI 54903

Captian Kuster was at all times relevant the Captian and supervisor of the Restrictive Housing Unit at Oshkosh Correctional Institution. Kuster is being sued in his offical capacity and personal capacity.

(P) The fifteenth defendant is:

Captian Norman, supervisor
Oshkosh Correctional Institution
1730 west Snell rd / Po Box 3310
Oshkosh, WI 54903.

Captian Norman was at all times relevant the Captian and supervisor of the restrictive housing unit at Oshkosh Correctional Institution. Norman is being sued in his offical capacity and personal capacity.

(Q) The sixteenth defendant is:

Unit Manager McGinnis
Oshkosh Correctional Institution
1730 west Snell rd / Po Box 3310
Oshkosh, WI 54903

Unit Manager McGinnis was at all times relevant and the unit Manager at Oshkosh Correctional Institution. McGinnis is being sued in his offical capacity and personal capacity.

(R) The seventeenth defendant is:

Sergeant Ewert
Oshkosh Correctional Institution
1730 West Snell rd / Po Box 3310
Oshkosh, WI 54903.

Sergeant Ewert was at all times relevant the sergeant at Oshkosh Correctional Institution. Ewert is being sued in his offical capacity and personal capacity.

(S) The eighteenth defendant is:

NP Bowens
Oshkosh Correctional Institution
1730 West Snell rd / Po Box 3310
Oshkosh, WI 54903.

NP Bowens was at all times relevant the medical provider at Oshkosh Correctional Institution. Bowens is being sued in her offical capacity and personal capacity.

(T) The nineteenth defendant is:

Deputy Warden Zanon
oshkosh Correctional Institution
1730 west Snell rd / Po Box 3310
Oshkosh WI 54903

(U.) The twentieth defendant is

Keith Johnson
Oshkosh correctional Institution
1730 W snell rd / Po Box 3310
Oshkosh    WI 54903.

Hsu manager Johnson was at all times relevant the Health
services manager at Oshkosh Correctional Institution. Johnson
is being sued in his offical capacity and personal capacity.

# Factual Allegations

1.) On or about September 10, 2020 inmate Muniz is moved into cell 74 on F unit with the Plaintiff Inmate Brown.

2) On or about September 20, 2020 Brown gets woke-up to the sound of grunting and heavy breathing. Inmate Muniz is seen by Brown masterbating.

3) Brown reports the incident to the staff member working as the Sergeant on F unit. Sergeant McGibbions informs Brown to speak with the unit Manager Jaeger.

4) On or about September 21, 2020 Brown speaks with Unit Manager Jaeger about the incident of Inmate Muniz masterbating. Unit manager Jaeger states that "someone has to be in a cell with him" Brown insisted that he is uncomfortable being in the cell with Muniz and needs to be moved immediately. Unit manager Jaeger tells Brown to fill a request for a cell transfer. Brown filled out an electronic request and paper request. These requests when unheard.

5) On or about September 25, 2020 Brown was woke-up by inmate Muniz standing in the middle of the cell masterbating. Brown confronts Muniz. Brown tells Muniz not to do that while he is in the cell. Brown the reported the incident to the staff that was on duty. Sergeant Hall stated "welcome to an all male prison". Sergeant Hall stated she would talk to Muniz.

Sergeant Hall indicates to Brown that she did speak to inmate Muniz about the incident. Sergeant Hall states inmate Muniz told her that he can not masterbate because he's too old.

6) On or about September 25, 2020. Brown spoke to unit manager Jaeger to inform him of the on going issue. Brown asked unit manager Jaeger why he has not addressed Brown's request to be moved. Jaeger stated he "simply can not accommodate because you are uncomfortable". Brown informs Jaeger that he feels violated and that these are not isolated incidents, and that he learned of the same issue involving inmate Muniz on other units with other inmates as well as staff. Unit manager Jaeger stated "you should not listen to what others say", and that he can not move Brown to another cell. There by creating an intentional infliction of emotional distress, and keeping Brown in harms way.

7) September 28, 2020 3:00am Brown is woke-up by a "wet squishing" sound. Brown sees inmate Muniz with his pants down laying on his side in his bed masterbating. Brown tells Muniz to leave the cell. Brown and Muniz approach the sergeant station to report the incident. Sergeant Doe and Captian Larsen are made aware of the incident and that Brown will not go back in the cell with Muniz. Captian Larsen demanded Brown to return to the cell. Inmate Muniz returned to the cell and Brown asks Captian Larsen is he could use the phone to call PREA. Prison Rape Elimination Act. Captian Larsen allowed Brown to make the call to report the PREA. Brown is then Case 1:21-cv-00542-JLH    filed 04/27/21    Page 12 of 30    Document 1 his back.

Brown is then cuffed and escorted to the Restrictive
housing unit and placed on TLU status in solitary
confinement. Brown is given a D.O.C 67 TLU placement
order form for disobying a direct order. Brown gives his
statement.

8) September 29, 2020 Unit Manager Jaeger interviews Brown in
the Restrictive housing unit about the PREA complaint he
filed. Jaeger records Browns statement so he can launch an
investigation. Unit manager Jaeger informs Brown that he would
come back to speak to him upon completion of the PREA
investigation.

9) September 30, 2020 Brown request officers to have a white
shirt come speak to him about why he is still in segregation.

10) October 1, 2020 Brown continues to press the emergency button
to request a white shirt and why he is in segregation for calling
PREA. Captian Larsen speaks over the intercom and states it is
not punishment but an ongoing investigation. It may take a
couple of days and that Brown is in segregation for his
protection.

11) Oct 2, 2020 Brown writes an Inmate Complaint for being
punished in retaliation of calling PREA on Inmate Muniz and
reporting officals/staff for refusal to act and failure to
protect him from sexual harassment and ongoing issue.

12) October 2, 2020 Brown requests to be seen by Psychological Social worker Dr Kordones. Brown reports the sexual assualt/harassment and how it effects him mentally and explains the fear of aftermath for making the PREA complaint. Brown expresses the regret and concern because now is being punished.

13) October 4, 2020 Captian Larsen speaks over the intercom and asks Brown if he were released from the hole would he objeet going back to the same unit as Inmate Muniz. Brown hesitantly agrees.

14) October 4, 2020 Brown is released from segregation moved back to F unit to cell 211 with inmate Joseph Bury. Brown addressed the direct connection that he was already sexually assaulted/harassed by inmate Muniz and was not comfortable being in a cell with a notorious sex offender. Sergeant McGibbions stated that Brown "must deal with it." Brown made Sergeant McGibbions aware that there are many cells open at the time on the unit. Sergeant McGibbions completely disregarded Browns request to move to another cell.

15) October 5, 2020 While carrying property Brown falls down the stairs reinjuring and aggravating a pre exsisting knee injury already known by RedGranite Correctional Institution Health services and Dodge Correctional when Brown was admitted into the Department of

17) October 5, 2020 Brown is seen by medical staff for Ingery during fall. Brown is moved to another cell placed on special needs accommodations including wheelchair, crutches, ice bags, low bunk, and low tier restrictions.

18) On or about october 6, 2020 Psychological social Worker/Dr K. visits Brown on F-unit to get her report of the PREA complaint. Dr K informs Brown staff "dropped the ball" and that its not his fault. Dr K expresses to Brown that he did nothing wrong.

19) October 8, 2020 Brown is given an X-Ray for knee.

20) october 10, 2020 Brown's x-rays are seen by Dr Labby. Dr. Labby informs Brown nothing is broken or fractured. but that soft tissue injuries cant be seen by x-rays.

21) october 2020 Brown makes multiple requests to health services about pain and further testing.

22) october 29, 2020 Brown is seen by Dr Labby she informs Brown that there will be an appointment with an orthopedic specialist for a surgery consult and M.R.I.

23) october 31, 2020 at about 7:30am Brown is woke up by persons at his cell door dressed in all black from head to toe nothing but eyes visible with weapons/guns drawn. Brown is then snatched

out of his bed wearing nothing but shorts and slippers. put in hand cuffs and leg shackles then placed on a bus.

24) Brown is transported and taken to Oshkosh Correctional Institution restrictive housing unit put in solitary confinement and placed in T-LU status. Brown inquires with officers as to what is happening officers/staff have no information and ignore Brown and other inmates inquiries.

25) October 31, 2020 through December 6, 2020 Brown is held on a COVID range in segregation where other inmate are postive for COVID. During this time Brown is not allowed to go to recreation use the law library he had to shower in his cell but not allowed to clean his cell, he was fed styrofoam tray that were calorie insufficant, cross contanimated between cells, Brown was not allowed personal property including legal materials, religious materials which are essential and allowable property while in segregation.

26) November 4, 2020 Brown makes multiple requests in regards to why he is in Oshkosh Correctional Institution. Brown gets no responses. Brown files a complaint as to why he is being held in segregation and does not know why. Inmate Complaint OSCI-2020-19123.

27) November 6, 2020 Captian Kuster comes to Brown cell door and hands him a document. Kuster informs Brown that he does not

Know why Red Granite did not send one with Brown but he giving Brown the D.O.C 67 T.L.U placement order as a formality cause he was told to do so. Brown requests to make a statement as is his right when being given a DOC 67 but Brown notices the form was already pre-filled out.

28) November 11 2020 Brown requests allowable property. The property sergeant responds to Brown that Red Granite did not send it.

29) November 11, 2020 Brown files an inmate complaint about allowable property. Inmate Complaint OSCI-2020-19715.

30) November 20, 2020 Captian Kuster serves Brown conduct report #133913 for; disobeying orders, and inciting a disturbance. Captian Kuster informs Brown that he is being offered 180 days disciplinary seperation and early program review as a disposition. Brown states he is not guilty of these infractions and wishes to contest this conduct report in full due process.

31) November 20, 2020 Brown fills out a D.O.C 73 request for witness and evidence form. Brown requests both officers on the conduct report #133913 defendants (L) ALize Perez ; (M) Co Harley. Brown also requests inmate Dominique Thomas as a witness. Brown requests (1) phone log for the date and time of disturbance October 30, 2020 at 10:30 pm as evidence and video for the date and time of disturbance as evidence. (2) ...

32) November 24, 2020 Brown's request for witnesses and evidence are denied by Captian Hoch. The reasons for the denial are not clearly stated.

33) November 2020 through December 2020 Brown makes multiple medical requests to Health services and the severe knee pain and protrusion. Brown never gets seen by Health services. Brown is denied medical attention until released from segregation in the restrictive housing unit.

34) November 27, 2020 Captian Norman pulls Brown from his cell to inform him that the evidence and witnesses are denied. Captian states only questions to CO Perez will be allowed. Norman also insists that Brown accept the disposition for 180 days because he "will be found guilty" that the conduct report is enough to be found guilty. Captian Norman tells Brown that he could talk to the security director Toney Emil to change it from 180 days in segregation to 120 days. Brown refuses.

35) November 30, 2020 10:00 AM Captian Norman pulls Brown from his cell to insist once again to accept the uncontested disposition of 120 days in disciplinary seperation that was approved by Toney Emil the security director. Brown again refuses the dispotion.

36) November 30, 2020 2:00pm Captian Norman pulls Brown from his cell and asks if he still wants to go through with the hearing. Norman then shows Brown the definition of inciting a disturbance. Norman informs Brown that he will be found guilty of a lesser charge if he accepts

the uncontested disposition of 120 days (D.S) and referal to program neview committee. Brown again refuses. Norman insisted that Brown will be found guilty because otherwise he would not already be here in oshkosh Correctional Institution. Norman insisted Brown was already found guilty. Norman explained to Brown that once he was put on the bus to be transfered to Oshkosh Correctional Institution that going through the hearing and being found not guilty that the Department of Corrections would not put him back on a bus and take him back to Red Granite Correctional Institution.

37) November 30, 2020 The conduct report hearing resumes and Brown is found guilty and given 120 days disciplinary seperation and referal to program review committee.

38) November 30, 2020 Brown appeals the hearing decision on the grounds of procedural errors. Brown appeals the evidence that was denied. Evidence that undeniably would have proved his innocence.

39) December 6, 2020 Brown is moved off the "COVID" range.

40) December 15, 2020 Brown is seen by the program review committee and recommendation for Brown to be placed at Oshkosh Correctional Institution as punishment for his conduct report #133913

41) December 23, 2020 Captian Norman approaches Brown in his cell and requests questions for CO Harly.

42) January 22, 2021 Brown files an inmate complaint because he has not recieved decision on his appealed ~~conduct~~ conduct report #133913. Inmate Complaint OSCI-2021-1241

43) January 28, 2021 Brown is released from segregation to general population.

44) Febuary 1, 2021 Brown see's NP DR Bowens and starts physical therapy for knee.

45) Febuary 22, 2021 Brown recieves a copy of his conduct report appeal. The appeal decision by Deputy Warden Zanon states error was corrected and that Captian Hoch did not give reason for denial of evidence or witnesses.

46) Febuary 24, 2021 Brown recieves a decision for the inmate complaint examiner OSCI-2021-1241. Examiner states the decision on Brown's appeal was correct the procedural due process error, and that on January 6 2021 there was a "re-hearing", but the conduct report was not vacated as requested as remedy. Inmate Complaint dismissed.

47) Febuary 26, 2021 Brown files an inmate Complaint OSCI-2021-2881. Brown reports in his inmate complaint that the procedural due process errors had not been corrected and that he was not given notice of "re-hearing" or given a decision of "re hearing".

48) March 5, 2021 Inmate Complaint Examiner dimisses Brown's inmate complaint DSCI-2021-2881 stating Brown never appealed the "re-hearing" decision.

49) March 8, 2021 Brown is moved to a penal unit cell 92 upper.

50) March 8, 2021 Brown informs Sergeant Schroeder that he is not suppose to be on a top bunk because of an aggravated knee injury. Sergeant Schroeder states that is an issue that has to be addressed by health services.

51) March 11, 2021 12:30 AM Brown climbs down off the top bunk and falls over cellmate inmate McDaniels' 4 wheeled walker/wheelchair when he tries to get down to use the bathroom. Inmate McDaniels pushes the emergency button to get the attention of the Sergeant on duty. Sergeant comes to Brown and inmate McDaniels cell. Brown reports the incident and requests to been seen by health services. Health services responds to Brown that he must put in a medical request.

52) March 13, 2021 Brown is seen by health services about the protrusion on his knee. Brown then informs staff at health services that he is in a cell on a top bunk with an inmate that has many medical issues and needs physical impliments to help with issues these medical necessities put Brown in hazardous conditions. Because of the obstacles caused by the walker/wheelchair that cause immanat · harm. Health services state they cannot make moves that cell

53) March 16, 2021 Brown finishes last Physical therapy session for his knee.

54) March 18, 2021 Brown files an inmate Complaint OSCI-2021-4247. Brown states that he never attened a "rehearing" and that he did not recieve a "re hearing" decision therefore he could not appeal the "re hearing".

55) March 26, 2021 Brown is taken to an off-site orthopedic specialist for a surgery consult. The orthopedic specialist informs Brown that he needs a surgery, but is too young. He also informs Brown that no matter how many times he does physical therapy it will not help. The orthopedic specialist does not make any recommendations nor does he address Brown's torn ACL. Brown complains of the on going pain that he suffers. The orthopedic specialist tells Brown everyone percieves pain differently.

56) April 14, 2021 to Present Brown still has not seen his medical provider NP Bowens in regards to the orthopedic consult. Brown files a complaint about this Inmate Complaint OSCI-2021-5122. Brown reports NP Bowen has not made available any reasonable alternative modes of medical treatment for his knee per policy. Brown reports NP Bowens can not "just do nothing" to address his medical needs. Brown also reports that he is still in inharant danger being in a cell with inmate Mc daniels who's medical condition consistantly puts Brown in a recurring issue of bio hazardous conditions with his cellmates incontinence soiled linen feces, urine a wheelchair/walker that

physically obstructs the path to access the door which causes a fire
hazard also hinders Brown's ability to access the bathroom and climb
up and down the bunk. Brown has also filed a reasonable
accommodations request a D.O.C 2530 to request a low bunk
with no obstacles in path to access door or toilet. The ADA
denied Brown's request stating torn ACL and miniscus is not a
disability. Special needs committee has denied Brown any further
accomodations as well.

## Causes of Action
### A. failure to protect; failure to act
1) Brown was subject to an Eighth Amendment violation when officals
failed to act and failure to protect as Brown stated fully in
paragraphs 2-7 with regards to defendant (I) sergeant Hall
defendant (J) sergeant McGibbions; defendant (K) Unit Manager
Jaeger. The defendants failure to protect and act on knowledge of
risk or serious harm to Brown violated Browns right to safety
protection as stated in the Prison Rape Elimination Act. These
provisions are in place as a congressional act to safegard inmates
and staff from unwanted sexual advances / harassment or assault.
### B. Retaliation
2) Brown was subject to a first Amendment violation when officals
openly took disciplinary actions against Brown as stated fully in
paragraphs 8-56. Brown reported a recurring incident and filed a
complaint against the defendants (I)(J)(K) and in retaliation

for Brown reporting the PREA violation against Red Granite correctional Institution staff. Browns disciplinary dispositions, transfer, false disciplinary charges and multiple due process violations are all direct adverse actions taken by the defendants in retaliation for Brown's PREA complaint. The lack of law library, legal access and legal materials was a complete and systematic violation to Brown's constitutional rights.

      C. Cruel and unusual punishment.

3) Brown was subject to an Eighth Amendment violation when officals violated Browns right to be free from cruel and unusual punishment by depriving Brown of cleaning supplies and any exercise outside his cell or allowable property for 36 days as stated fully by Brown in paragraph (25). Defendants (D) Micheal Misner ; (N) Toney Emil ; (O) captian Kuster ; (P) captian Norman are responsible for supervision of all operations of staff and inmates to implement modify or stop policies and procedures; executive, adrministrative directives and informal management procedures that regulate the conduct and responciblities of staff and inmates.


Despite Knowledge of the violations the defendants failed to take necessary steps to correct or protect rights afforded to Brown under constitution of United States.

      D. Due process

4) Brown was subject to a Fourteenth amendment violation when officals under color of law intentionally deprived Brown of substantive due process to wrongfully justify the disciplinary actions taken against him.

(T) Deputy Warden Zanon

The defendants (E) captian Hoch ; (C) Dan Cromwell ; (G) captian Doe (H) security director Doe; (N) security Director Toney Emil ; (O) Captian Kuster ; (P) captian Norman violated Brown's procedural due process as stated fully in paragraphs 25-42.

Defendants (E)(C)(G)(H)(N)(O)(P) and (B) were responsible for all operations of staff and inmate population to implement modify or stop policies and procedures ; executive administrative directives and informal management procedures that regulate the conduct and responsiblities of staff and inmates.

Despite knowledge of the procedural due process that had been violated the defendants failed to take necessary actions to correct or protect the due process rights afforded under the constitution.

Defendant Kevin Carr has knowledge of the standard of due process that is required by policy procedure ; administrative regulations. The safegards that are relevant to protect inmates from recieving 120 days disciplinary seperation and Carrs failure to give notice of approval therefore the criteria concerning due process failed and did not attempt to correct the error therefore liberty deprivations exsist.

E. Medical deliberate indifference.

5) As stated fully in paragraphs 15-56 with regards to the defendants (Q) Unit Manager McGinnis ; (R) sergeant Ewert ; (S) NPC officer Kiel of Brown's eighth Amendment right.

Oshkosh correctional Institution staff/and officials is knowingly keeping Brown in imminent danger of serious physical injury.

Brown's rights to medical attention were denied and failure to provide Brown with reasonable accommodations for obvious physical handicap. The medical staff including defendant (8) as well as defendants (Q) and (R) who are not medical staff made erroneous medical determinations and therefore acted in deliberate indifference. These defendants knew of and disregarded an excessive risk to Brown's health and safety. Officals knew of conditions and failed to act to remedy the violation.

Despite the knowledge of Brown's knee injury and need for a surgery defendants (Q)(R)(S) failed to take steps to modify or implement procedures to reduce and continue to put Brown in physical inharant danger was deliberately indifferent and demonstrate a wanton disregard to the overall health and welfare of Brown under their custody and control.

The defendant (Q) Unit Manager McGinnis is responsible for overseeing the care and custody of inmates on W unit she was made aware of the fall Brown suffered in the cell she was also made aware of the need for knee surgery and therefore gained knowledge of the problems occuring in the cell with inmate Mcdaniels. She also knew of the complaints and document generated exsist. Defendant McGinnis used pain and suffering and continuous physical restrictions as punishment with a 30 day sanction. Restriction of room move. This intentional deprivation of remedy created liberty deprivations that still exsist. Including Health services unit manager Keith Johnson. Defendants never address Browns ACL

## Exhaustion of Administrative Remedies

Brown has sought required administrative remedies as is the process pertaining to the Prison Litigation Reform Act. Brown exhausted his administrative remedies as is required by prison prison policy and procedure pursuant to Wisconsin administrative rules and regulations as set forth in each claim in this complaint.

## Prayer for Relief

1.) Emergency intervention/injunctive relief pursuant to Federal rule civil procedure rule 65 (3) to provide Brown with necessary accommodations to mitigate severe pain, injuries, exacerbation of known painful condition that creates suffering irreparable harm. Brown's options for reasonable treatment to provide him with quality of life and diminished health and safety; (3) expedited hearing per the court.

2.) Injunctive relief pursuant to Federal rule civil procedure rule 65 To provide Brown with post deprivation remedies pertaining to any and all due process errors. Remedies sought by Brown (a) to have conduct report vacated and or exonerated from his record. This conduct report for which hinders Brown from many types of prison employment as well as the necessary compass assessment to allow Brown classification to any or all minimum custody centers.

(b) To have Brown's re-classification hearing reversed as his current custody and placement made by the bureau of offender classification and movement was a result of the conduct report and Brown's reclassification to Oshkosh Correctional Institution is the disciplinary action taken against him.

4) Brown seeks declatory relief, including Mandamus and prohibition under state law and injunctive relief under federal law forcing the defendants who are sued in their offical capacities to modify their policies and procedures such that the harm to inmates as demonstrated in this claim are minimized to a reasonable degree. Federal rule civil procedure rule 57

5) Brown seeks compensatory damages in the amount $100,000.⁰⁰ one hundred thousand dollars as to each defendant Hall; Jaeger and McGibbions for Failure to act and failure to protect as stated in paragraphs 1-7.

6) Brown seeks compensatory damages in the amount $100,000⁰⁰ one hundred thousand dollars as to each defendant Hall; Jaeger; McGibbions; and Larsen for their actions in retaliation as stated in paragraphs 8-56.

7) Brown seeks compensatory damages in the amount of $250,000⁰⁰ twohundred fifty thousand dollars as to each defendant Zanon; Cromwell; Hoch; Doe; Kuster; Norman; Emil; Doe Perez; Harley; Fields; for their failure to provide

Brown with substantive procedural due process as stated in paragraphs 25-42.

8) Brown seeks compensatory damages in the amount of $250,000.00 two hundred and fifty thousand dollars as to each defendant Bowens McGinnis; Ewart and Johnson for their actions of medical deliberate indifference as stated in paragraphs 15-56.

9) Brown seeks compensatory damages in the amount of $100,000.00 one hundred thousand dollars as to each defendant, Kuster; Norman Emil; and Eplett. for their actions in cruel and unusual punishment as stated in paragraph 25.

10) Brown seeks punitive damages in the amount of $100,000.00 one hundred thousand dollars as to each defendant stated in this claim.

11) Brown seeks any and all relief the courts finds just.

## Conclusion

The foregoing Complaint is true and correct to the best of my knowledge under penalty of perjury pursuant to 28 § 1746.

Dated  4-19-21  April nineteenth twenty one.


Lee Brown
   Pro Se Plaintiff

Lee Brown #385934
Oshkosh Correctional Institution
1730 W snell rd
Po Box 3310
Oshkosh WI 54903