UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LEE ANTHONY BROWN,

        Plaintiff,

        v.                                    Case No. 21-cv-0542-bhl

WARDEN MICHAEL MEISNER, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Lee Anthony Brown, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This matter comes before the Court on Brown's motion for leave to proceed without prepayment of the filing fee and for screening of the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Brown requested leave to proceed without prepaying the full filing fee. A prisoner plaintiff proceeding without prepayment of the filing fee is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Brown filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2). The Court assessed, and Brown has paid, an initial partial filing fee of $34.13. The Court will grant Brown's motion for leave to proceed without prepayment of the filing fee.

## SCREENING THE COMPLAINT

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim under the federal notice pleading system, Brown must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Brown need not plead every fact supporting his claims; he must only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.*"* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

There is a reason Rule 8 specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." Kadamovas v. Stevens, 706 F.3d 843, 844 (7th Cir. 2013). "Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." Id.

Brown's complaint is 30 handwritten, single-spaced pages, and includes over 20 defendants (from two different institutions) and numerous unrelated claims. Before this case goes any further, the Court will require Brown to file an amended complaint that complies with Fed. R.

Civ. P. 8. The amended complaint must provide a simple, concise, and direct statement of his claims. Brown does not need to include every detail giving rise to his claims. He need only provide enough facts from which the Court can reasonably infer that the defendants did what he alleges they did.

As Brown considers what facts and information to include in his amended complaint, he should remember that he can join multiple defendants in a single case only if he asserts at least one claim against each defendant that arises out of the same events or incidents; <u>and</u> involves questions of law or fact that are common to <u>all</u> the defendants. Fed. R. Civ. P. 18(a); Fed. R. Civ. P. 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). This means that Brown cannot bring all of the claims he identifies (i.e. failure to protect, retaliation, conditions of confinement, denial of medical care, procedural due process, substantive due process, and intentional infliction of emotional distress) in the same lawsuit. These claims belong in different lawsuits, for which he must pay separate filing fees.

The Court is enclosing a guide for *pro se* prisoners that explains how to file a complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Brown to use that form to file his amended complaint. *See* Civil L. R. 9 (E.D. Wis.). If Brown believes he needs more space than is available on the blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than <u>ten</u> pages total. Failure to file an amended complaint may result in dismissal of this action.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** because it violates Fed. R. Civ. P. 8. Brown may file an amended complaint that complies with the instructions in this order by **June 21, 2021.** If Brown files an amended complaint by the deadline, the Court will screen the amended complaint as required by 28 U.S.C. §1915A. If Brown does not file an amended complaint by the deadline, the Court may dismiss this case.

**IT IS FURTHER ORDERED** that the clerk's office mail the plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the **$315.87** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the plaintiff is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 19th day of May, 2021.

> s/ *Brett H. Ludwig*
> Brett H. Ludwig
> United States District Judge