UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LEE ANTHONY BROWN,

    Plaintiff,

    v.                                          Case No. 21-cv-0542-bhl

WARDEN MICHAEL MEISNER, et al.,

    Defendants.

---

## ORDER

---

Plaintiff Lee Anthony Brown, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. On May 19, 2021, the Court screened and dismissed the original complaint for violation of Federal Rule of Civil Procedure 8. Dkt. No. 8. The Court noted that Brown's original complaint was over 30 handwritten, single-spaced pages, and included over 20 defendants from two different institutions with numerous unrelated claims (failure to protect, retaliation, conditions of confinement, denial of medical care, procedural due process, substantive due process, and intentional infliction of emotional distress). *Id*. at 2-3. The Court instructed Brown to file an amended complaint, within 30 days of the screening order, if he wanted to continue pursuing this case. *Id*. More specifically, the Court instructed Brown to: (1) only bring related claims against related defendants; and (2) allege enough facts from which the Court could reasonably infer that the defendants violated his constitutional rights. Brown filed an amended complaint on June 2, 2021. Dkt. No. 9. This order screens the amended complaint.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS

Brown is an inmate at the Oshkosh Correctional Institution (OCI). Dkt. No. 9 at 1. Defendants are: Department of Corrections (DOC) Secretary Kevin Carr; DOC Medical Director John/Jane Doe, OCI Warden Michael Meisner, OCI Special Needs Committee Members: Dr. Murphy, Dr. Tannan, Dr. Wheatley, Nurse Practitioner (NP) Hermes, Registered Nurse (RN) Feltz, MPAA Giesler, and Lieutenant Schwebke; OCI Health Service Unit (HSU) Manager Fofana; OCI NP Bowens; and OCI Americans with Disabilities Act (ADA) Coordinator John/Jane Doe. *Id*. at 2-3.

On or about October 5, 2020, Brown fell down the stairs and re-aggravated a prior knee injury that had required ACL surgery. *Id*. at 4. Dr. Labby (not a defendant) conducted testing (x-rays and an MRI) and determined that Brown did not have any fractures or breaks. *Id*. Dr. Labby ordered physical therapy and certain special needs restrictions such as a wheelchair, crutches, and a low bunk/low tier. *Id*.

On or about October 30, 2020, Brown was transferred to OCI, where he was placed in segregation in the Restrictive Housing Unit (RHU). *Id*. at 5. Brown was in segregation for 94 days and was "denied any medical care for his injury." *Id*. Brown made "multiple inquiries and requests to health services" (presumably to HSU Manager Fofana) about his pain and knee protrusion, but "he was never seen or treated." *Id*.

On January 28, 2021, Brown was released from segregation and moved to a cell with a cellmate who had "many disabilities" that required physical implements such as a walker and a wheelchair. *Id*. Brown often tripped over the cellmate's physical implements as he moved around

his cell and tried to get to his bunk. *Id*. At some point, Brown was taken to Kennedy Memorial Hospital to see an orthopedic specialist. *Id*. Dr. Tsai (not a defendant) determined that Brown needed knee surgery. *Id*. Brown later found out that the DOC has an "age requirement" for knee surgeries and that he was "too young" to qualify. *Id*. at 6. Brown states that he did not receive any "reasonable alternative modes of treatment" for his knee pain or injury following denial of surgery. *Id*. He states that he has filed "multiple" requests for medical care and "ADA reasonable accommodations" but still has not seen a medical care provider "prior to or since the orthopedic consult." *Id*. For relief, Brown seeks monetary damages and an injunction ordering necessary accommodations to mitigate severe pain and injuries. *Id*. at 8.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

Brown asks to proceed with an Eighth Amendment deliberate indifference claim. Dkt. No. 9 at 6-7. He also vaguely mentions the ADA and "implementation" of DOC "policies and procedures." *Id*.

"[T]he Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state a claim, Brown must allege: (1) that he suffered from an objectively serious medical condition; and (2) that the defendants were subjectively deliberately indifferent to that condition. *Id*. at 727–28.

To state a claim under the ADA, Brown must allege that: (1) he is a qualified individual with a disability; (2) he was denied access to services, programs, or activities of a public entity or otherwise discriminated against by that public entity; and (3) the denial or discrimination was because of his disability. *Shuhaiber v. Illinois Dep't of Corr.*, 980 F.3d 1167, 1170 (7th Cir. 2020)(citing *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015)). The ADA is not violated when prison officials fail to "attend to the medical needs of ... disabled prisoners." *Resel v. Fox*, 26 F. App'x 572, 576–77 (7th Cir. 2001) (quoting *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir. 1996). A claim for inadequate medical treatment is improper under the ADA. *Id*.

Brown's amended complaint corrects only some of the issues the Court identified in the original screening order. The amended complaint is shorter and better identifies the type of legal claims he wishes to pursue. But Brown still refers to "the defendants" as a collective group and does not explain how he believes each individual defendant was personally involved in his medical care. None of the defendants are mentioned by name in the amended complaint other than the caption. As a result, Brown has not adequately alleged what each individual defendant knew (or

did not know) about his medical condition, or what each individual defendant said or did to constitute deliberate indifference towards Brown's medical condition.

Based on the allegations in the amended complaint, the Court will (generously) infer that Fofana, as HSU manager, was aware of his "multiple inquiries and requests to health services" and that she was deliberately indifferent by "never" organizing for a medical care professional to see or treat him during the 94 days he was in segregation or "prior to or since the orthopedic consult." But given the lack of specifics concerning their possible involvement in Brown's treatment or lack of treatment, the Court must dismiss the remaining defendants.

Brown states that, "the defendants are responsible to implement, modify, or stop [DOC] policies." Dkt. No. 9 at 6. Reading this allegation liberally, it is possible that Brown has an official capacity claim (most likely against DOC Medical Director John/Jane Doe) regarding the DOC's alleged blanket policy to deny knee surgery to anyone under a certain age without individual consideration of that the inmate's specific medical condition. But Brown's pursuit of such a claim is problematic. First, Brown cannot seek monetary damages for an official capacity claim. *See Brown v. Budz,* 398 F.3d 904, 917–18 (7th Cir. 2005) ("To the extent [the plaintiff] seeks monetary damages from defendants acting in their official capacity, those claims ... are dismissed as they are barred by the Eleventh Amendment"). Second, while Brown's amended complaint seeks injunctive relief, his request is for necessary accommodations to mitigate the severe pain he claims to be suffering. He has not requested injunctive relief related to the alleged blanket policy. Thus, Brown cannot proceed with an official capacity claim.

Finally, Brown does not allege any facts that would implicate the ADA. He only alleges inadequate medical treatment, which is not a proper claim under the ADA.

## Conclusion

The Court concludes that the plaintiff may proceed with an Eighth Amendment deliberate indifference claim against Fofana based on the allegation that he filed multiple HSU requests and inquiries for medical care but was "never" seen by a medical care provider during the 94 days he was in segregation or "prior to or since the orthopedic consult." Brown's other claims are dismissed.

**IT IS THEREFORE ORDERED** that Michael Meisner, Kevin Carr, NP Bowens, Dr. Murphy, Dr. Tannan, Dr. Wheatley, NP Hermes, RN Feltz, MPAA Giesler, Lt. Schwebke, "John/Jane Doe DOC Medical Director," and "John/Jane Doe ADA Coordinator" are **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Fofana.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Fofana shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 24th day of June, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge