LEE ANTHONY BROWN,

        Plaintiff,

   v.                                           Case No. 21-cv-542-bhl

DAWN FOFANA,

        Defendant.

## ORDER

On August 9, 2022, the Court granted Defendant Dawn Fofana's motion for summary judgment and dismissed this case. Dkt. Nos. 27-28. Plaintiff Lee Anthony Brown filed a notice of appeal on August 17, 2022. Dkt. No. 29. About a week after that, on August 23, 2022, Brown filed a "motion to amend permission to appeal." Dkt. No. 33. Then, on August 31, 2022, Brown filed: (1) a motion for leave to appeal without prepayment of the filing fee; (2) a six-month certified trust account statement; and (3) a motion to modify, alter, or vacate the judgment. Dkt. Nos. 34-36.

A notice of appeal typically strips the district court of jurisdiction over the case. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Federal Rule of Civil Procedure 62.1 carves out an exception to this general rule for certain motions: "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may… (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(1)-(3). Brown filed his motion to modify, alter, or vacate the judgment after his notice of appeal, but it was otherwise timely. Accordingly, absent

his notice of appeal, the Court would have had authority to resolve it. Because it is a type of motion falling within Rule 62.1, the Court will exercise its authority under Rule 62.1(a)(2) and deny it. The Court will also resolve Fofana's motion for leave to appeal without prepayment of the filing fee because such motions are to be handled in the district court even in appellate cases. *See* Fed. R. App. P. 3(e); *see also Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), *rev'd on other grounds by, Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). The Court will also direct the Clerk's office to terminate the "motion to amend permission to appeal" because this Court cannot provide the relief requested. Unlike Brown's Rule 59(e) motion, which the Court "lacks authority to grant *because* of an appeal that has been docketed and is pending," this Court lacks authority to grant the relief sought in that motion altogether. A district court cannot provide relief related to the appeal Fofana seeks, irrespective of Rule 62.1.

## Motion to Modify, Alter, or Vacate the Judgment

On August 31, 2022, Brown filed a motion to modify, alter, or vacate the judgment. Dkt. No. 36. Brown argues that Dr. Tsai's medical conclusion regarding his inability to get knee surgery "did not absolve" Fofana from her responsibility to provide adequate medical care under the Eighth Amendment. *Id*. at 4. Brown states, "Fofana would need to provide other medical options if knee replacement is not an option." *Id*. Brown also asks for an opportunity to "file a new complaint" so he can "stay in district court." Dkt. No. 36 at 6. Brown admits that he "erred" by failing to pursue claims against other responsible parties earlier in the case. *Id*.

The Court construes Brown's motion to modify, alter, or vacate the judgment as a motion under Federal Rule of Civil Procedure 59(e). *See Borrero v. City of Chicago*, 456 F.3d 698, 699 (7th Cir. 2006) (noting that Rule 59(e) applies when a plaintiff uses a synonym, such as "vacate," to describe a motion). Rule 59(e) "allows a party to direct the district court's attention to newly

2

discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). However, it does not "provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id*. Rule 59(e) also "may not be used to raise novel legal theories that a party had the ability to address in the first instance." *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Nor can the rule be used "to complete presenting [a party's] case" to the district court. *See First State Bank of Monticello v. Ohio Cas. Ins. Co.*, 555 F.3d 564, 572 (7th Cir. 2009) (internal citations omitted).

If Brown wished to argue that Fofana violated his rights by failing to provide alternative medical treatments he needed to do so before judgment was entered, including in his summary judgment opposition materials. It is too late to raise that argument now. Further, Brown cannot use Rule 59(e) to correct his own procedural failings earlier in the case. Brown is free to file a new complaint against other responsible parties, but he must file a new lawsuit, including paying another civil case filing fee. The Court will deny the motion to modify, alter, or vacate the judgment.

**Motion for Leave to Appeal without Prepayment of the Filing Fee**

The Prison Litigation Reform Act (PLRA) requires inmates to pay the civil case filing fee in full for an appeal. 28 U.S.C. § 1915(b). If the inmate cannot prepay the $505.00 appellate filing fee, he can request to appeal without prepayment of the filing fee. The inmate must submit a petition and affidavit requesting to proceed without prepayment of the filing fee, along with a certified copy of his prison trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2).

The Court must deny leave to appeal without prepayment of the filing fee if the inmate has not established indigence, the appeal is taken in bad faith, or the inmate has three strikes. *See* 28 U.S.C. §§ 1915(a)(2)-(3), (g). An inmate who was permitted to proceed without prepayment of the filing fee in the district court may proceed without prepayment of the filing fee on appeal unless the district court issues a certification of bad faith. Fed. R. App. P. 24(a); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) ("... a plaintiff who ... was allowed to proceed *in forma pauperis* in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith."). An appeal is taken in bad faith if it is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). The Court finds that Brown has established indigence, has not accrued three strikes, and shows no indication that he took the appeal in bad faith. Accordingly, the Court will grant his motion for leave to appeal without prepayment of the filing fee.

The Court must assess an initial filing fee of twenty percent of the average monthly deposits to Brown's prison account or average monthly balance in Brown's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. § 1915(b)(1). A review of Brown's trust account statement, *see* Dkt. No. 35, shows that he is required to pay an initial partial filing fee of **$3.26**, as well as additional payments under 28 U.S.C. §1915(b)(2). *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), *rev'd on other grounds by, Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

## Motion to Amend Permission to Appeal

On August 23, 2022, Brown filed a motion to amend permission to appeal. Dkt. No. 33. He states that he wants to "redact [his] request to appeal" because he "[has] not exhausted [his]

4

options in this district court." *Id*. He asks the Court to "protect [his] time limits on his appeal" and to "stay any time limits available." *Id*.

This Court cannot provide the relief Brown seeks. Only the Court of Appeals can provide relief in an appellate case. If Brown wants to "redact" his request to appeal, "protect his time limits on his appeal," or "stay" his appeal, he should submit that request to the Seventh Circuit Court of Appeals at the following address: The Clerk of Court for the Seventh Circuit Court of Appeals, 219 South Dearborn Street, Room 2722, Chicago, Illinois, 60604. To the extent Brown wants to withdraw his appeal because he had not yet filed a Rule 59(e) motion, that request is now moot because the Court has received (and has ruled on) the motion. Brown should be aware that, even if he withdraws his appeal, he must still pay the appellate civil case filing fee in full for initiating the appeal. The Court will direct the Clerk's office to terminate the motion.

**IT IS THEREFORE ORDERED** that the Clerk's office terminate Brown's motion to amend permission to appeal (Dkt. No. 33).

**IT IS FURTHER ORDERED** that Brown's motion for leave to appeal without prepayment of the filing fee (Dkt. No. 34) is **GRANTED.**

**IT IS FURTHER ORDERED** that, by **October 24, 2022**, Brown shall forward to the Clerk of Court **$3.26** as the initial partial filing fee in this appeal. If Brown fails to comply with this order, United States Court of Appeals for the Seventh Circuit may dismiss his appeal. The payment shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that, after Brown pays the initial partial filing fee, the agency having custody of him shall collect from his prison trust account the **$501.73** balance of the filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to Brown's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance

with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Brown is confined.

**IT IS FURTHER ORDERED** that a copy of this order be electronically provided to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the Court's electronic case filing system.

**IT IS FURTHER ORDERED** that Plaintiff's motion to modify, alter, or vacate the judgment (Dkt. No. 36) is **DENIED**.

Dated at Milwaukee, Wisconsin on September 23, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge