# AMENDED COMPLAINT
(for filers who are prisoners without lawyers)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

(Full name of plaintiff)

_Lee Anthony Brown_

v.

(Full name of defendant(s))

_Michael Misner et al_

Case Number:

_21 CV 0542 bhl_
(to be supplied by Clerk of Court)

A. PARTIES

1. Plaintiff is a citizen of _Wisconsin_ (State), and is located at _Oshkosh Correctional 1730 W snell rd Oshkosh WI 54903_ (Address of prison or jail)

2. Defendant _Dept of Corrections_ (Name) is (if a person or private corporation) a citizen of _Wisconsin_ (State, if known)

Amended Complaint – 1

# Parties (cont'd)

3) NP Nancy Bowens Browns medical provider while at Oshkosh Correctional at all times relevant.

4) HSU manager Johnson of Oshkosh Correctional at all times relevant

5) Dr Murphy special needs committee member of Oshkosh Correctional at all times relevant

6) Dr Tannan special needs committee member of Oshkosh Correctional at all times relevant

7) Dr Wheatly special needs committee member of Oshkosh Correctional at all times relevant.

8) NP Hermes special needs committee member of Oshkosh Correctional at all times relevant

9) RN Feltz special needs committee member of Oshkosh Correctional at all times relevant.

10) LT Schwebke special needs committee member of Oshkosh Correctional at all times relevant.

11) ADA Coordinator Fromolz of Oshkosh correctional

Parties (cont'd)

at all times relevant.

12) Unit Manager McGinnis of Oshkosh Correctional at all times relevant

13) MPAA Giesler special need committee member of Oshkosh Correctional at all times relevant

and (if a person) resides at ~~Oshkosh Wisconsin~~

(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for The Dept of Corrections of Wisconsin

(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B. STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

On October 5 2020 the plaintiff (Brown) fell down the stairs while in Red Granite Correctional. Brown was seen by Dr Labby that ordered an X-ray and placed Brown on special needs including a wheelchair, crutches, low bunk, low tier. The X-ray did not show any fractures or breaks of the bone. On October 31 2020 Brown is then transfered to Oshkosh Correctional and placed in solitary confinement for 94 days during which time he did not recieve any medical care for his knee injury that occured in Red

Amended Complaint – 2

Granite when he fell down the stairs on October 5 2020. Brown was then released from solitary confinement and placed in a cell with an inmate (McDaniels) that has many disabilities requiring inmate McDaniels to have physical implements such as a walker/wheelchair. Brown was also ~~placing~~ assigned to a top bunk. Brown ~~began~~ to make complaints about being in the cell with McDaniels and constantly tripping over the walker/wheelchair and the living conditions of being in a cell with an inmate with disabilities that puts him in danger when he's trying to use the bathroom or get meals and leaving his cell. These complaints were answered with "deal with it the best you can" and the complaint examiner dismissed them. On March 26 2021 Dr Tsai an orthopedic specialist at Kennedy Center determined that Browns knee injury needs a surgery to correct and stated that Brown is "too young" for the surgery. Brown then began to make requests to

his medical provider NP Nancy Bowens and the special needs committee. Browns request to the special needs committee members include Dr. Murphy, Dr Tannan Dr. Wheatley, NP Bowens, NP Hermes HSAM Fofana, RN Feltz, MPAA Giesler and LT Schwebke, was denied. These members of the committee determined that Brown does not meet special needs criteria as defined by policy.

On 4/1/2021 Brown then made a reasonable accommodation request to the ADA coordinator S. Fromdz. Brown requested that he be given a low bunk, low tier and to have no obstacles in his way forcing unnatural movements to access the door and or toilet. Brown also provided the ADA coordinator with the diagnosis of his torn ACL and miniscus and asked to be free from further danger of falling and pain. Fromdz denied Browns request stating that this is not an ADA issue.

NP Nancy Bowens as well as the special needs committee and the ADA coordinator Fromdz were aware and put on notice of Browns

serious medical need as well as the dangers of being in a cell with inmate McDaniels who had physical implement that caused Brown physical harm when he fell.

These individuals are responsible to implement, modify, stop policies and procedures executive; administrative directives and informal management procedures that regulate the standards of health and safety of inmates. As Browns medical provider NP Bowen had direct knowledge of Browns serious medical need as well as the special needs committee and ADA coordinator.

Hsu manager Johnson and Unit manager McGinnis were made aware of Browns knee injury and living conditions through the inmate complaint system and kept Brown in harms way. All the individuals named in the complaint failed to protect Brown from further harm and kept him in imminent danger and failed to remedy obvious unsafe conditions. This failure and continuous disregard and decision to turn a blind eye resulted in Browns pain and suffering as well as mental anguish by stress of physical deterioration and lack of his ability to be active, stand, climb stairs safely, walk

with out his knee coming out of socket.

 Futhermore Browns serious medical need was aggravated because of the living conditions he was subjected to while in the cell with inmate McDaniels and moreover while Brown has a serious medical need Brown should be given any or all reasonable accommodations as requested low bunk low tier wheelchair for distance, knee Brace, allowed to buy shoes that provide low impact and support.

 The injuries Brown sustained including falling down stairs, falling over his cellmate McDaniels walker/wheelchair and numerous collapse because of his unstable knee are a direct result of this disregard.

1) Claim of ADA and RA for NP Bowens Brown's medical provider and Special needs committee as well as the ADA coordinator denying Brown of reasonable accommodations and special needs.

2) ADA and RA claim for NP Bowens Browns medical provider as well as ADA coordinator and special needs committee and HSU manager Johnson and Unit Manager McGinnis for failing to move Brown after notice of his serious medical need.

3) ADA ad RA claim for NP Bowens Browns medical provider, ADA coordinator and special needs committee, Unit manager McGinnis and HSU manager Johnson for deliberately refusing to move Brown from being in the cell with inmate McDaniels an inmate that had disabilities requiring him to have physical implementations that put Brown in harms way.

4) 8th Amendment claim for NP Bowens and ADA coordinator and special needs committee unit manager McGinnis and HSU manager Johnson for ignoring Browns requests to be taken out of harms way even after he fell numerous times and injured himself.

9

5) 8th Amendment claim for NP Bowens Special needs committee, ADA coordinator Unit manager McGinnis, and HSU manager for allowing Brown to suffer with pain and suffering even after the knowledge of Browns serious medical need and living conditions were exposed.

6) On all claims the Dept of Corrections is responsible for all actions that are stated under ADA/RA.

C.  JURISDICTION

☒ I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐ I am suing under state law. The state citizenship of the plaintiff is different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $_____.

D.  RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

1) Injunctive relief including but not limited to low bunk low tier restriction, extra pillow, ice bag, wheel chair if needed for distance, knee brace, allowed to buy shoes with support and low impact.

2) Compensatory relief of $50,000

3) Provide Brown an MRI to follow the progression of knee injury or to determine another mode of treatment if Brown is "too young" for knee surgery.

E.  JURY DEMAND

   I want a jury to hear my case.

   ☒ – YES        ☐ – NO

   I declare under penalty of perjury that the foregoing is true and correct.

   Complaint signed this ___12___ day of __November__ 20_23_.

   Respectfully Submitted,

   _____
   Signature of Plaintiff

   ___385934___
   Plaintiff's Prisoner ID Number

   _Oshkosh Correctional_
   _PO Box 3310 Oshkosh WI 54903_
   (Mailing Address of Plaintiff)