UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LEE ANTHONY BROWN,

    Plaintiff,

  v.              Case No. 21-cv-542-bhl

MICHAEL MISNER, et al.,

    Defendants.

---

## ORDER SCREENING SECOND AMENDED COMPLAINT

---

  Plaintiff Lee Anthony Brown, who is currently serving a state prison sentence at the Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court for screening of Brown's second amended complaint. Dkt. No. 44.

### SCREENING OF THE SECOND AMENDED COMPLAINT

  The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

Brown is an inmate at the Oshkosh Correctional Institution. Dkt. No. 44. Defendants are Health Services Manager (HSM) Keith Johnson, Dawn Fofana, Michael Misner, Kevin Car, Nurse Practitioner (NP) Nancy Bowens, Dr. Murphy, Dr. Tannan, Dr. Wheatley, NP Hermes, Registered Nurse (RN) Feltz, MPAA Giesler, Lieutenant Schwebke, ADA Coordinator Fromolz, Unit Manager McGinnis, and the Wisconsin Department of Corrections (DOC). *Id*. at 1-3.

On October 5, 2020, Brown fell down the stairs at the Red Granite Correctional Institution. *Id*. at 4. Dr. Labby (not a defendant) examined Brown after the fall and ordered an x-ray as well as a "special needs" restriction for a wheelchair, crutches, low bunk, and low tier. *Id*. On October 31, 2020, Brown transferred to the Oshkosh Correctional Institution and was placed in solitary confinement for 94 days. *Id*. During that time, he did not receive any medical care for his injured knee. *Id*. at 4-5. Once Brown was released from solitary confinement, he was placed in a cell with

2

inmate McDaniels, who used a walker and a wheelchair. *Id*. at 5. Brown was also assigned to a top bunk in that cell. *Id*. Brown filed inmate complaints about constantly tripping over inmate McDaniel's walker/wheelchair, but the complaint examiner kept dismissing his inmate complaints with instructions to "deal with it the best you can." *Id*.

On March 26, 2023, Dr. Tsai (not a defendant) allegedly determined that Brown needed surgery for his knee but also stated that Brown was "too young" for the surgery. *Id*. Brown filed "requests" with NP Bowens and the Special Needs Committee (comprising of Dr. Murphy, Dr. Tannan, Dr. Wheatley, NP Hermes, RN Feltz, MPAA Giesler, and Lt. Schwebke). *Id*. at 5-6. It's unclear what Brown's "requests" consisted of, *see id.*, but the Special Needs Committee determined that "Brown does not meet special needs criteria as defined by policy." *Id*. at 6.

On April 11, 2021, Brown filed a request for "reasonable accommodations" with Fromolz. *Id*. He asked for a low bunk, low tier, and no obstacles in his cell. *Id*. Brown attached to his request a copy of his diagnosed knee injury. *Id*. Fromolz denied the request because "this is not an ADA issue." *Id*. For relief, Brown seeks monetary damages and an injunction ordering reasonable accommodations. *Id*. at 11.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Brown asks to proceed against all defendants on claims under the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), and the Eighth Amendment. Dkt. No. 44 at 8-10. To state a claim under the ADA/RA, Brown must plead facts suggesting that he is a "qualified individual with a disability" who "by reason of such disability" was "denied the benefits

3

of the services, programs, or activities of a public entity." *Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022). The proper defendant in an ADA/RA claim is the "public entity" itself or an individual in his or her official capacity. *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) (overruled on other grounds); *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 n.2 (7th Cir. 2012). An inmate may not sue defendants in their individual or personal capacities under either the ADA or RA. *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) (overruled on other grounds); *see also Boston v. Dart*, 2015 WL 4638044, at *2 (N.D. Ill. Aug. 4, 2015) (citing *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 624, 644 (7th Cir. 2015)).

Brown alleges that he filed requests for "reasonable accommodations" for his injured knee with Fromolz (the institution's ADA coordinator). His requests were allegedly improperly denied. Based on these allegations, Brown may proceed with an ADA/RA claim for monetary damages and injunctive relief against Fromolz in connection with allegations that he has been denied reasonable accommodations for his injured knee at the Oshkosh Correctional Institution. *See also* Dkt. No. 42. Brown's ADA/RA claims against the remainder of the defendants cannot proceed because they are either improper or redundant. Brown cannot sue any of the remainder of the defendants in their "personal" capacity under the ADA/RA. *Walker,* 213 F.3d at 346. And any claims against the remainder of the defendants in their "official" capacity would be redundant with the claim against Fromolz. *See e.g., Purnell v. Hohmer*, No. 20-CV-640-RJD, 2021 WL 662232, at *2 (S.D. Ill. Feb. 19, 2021); *see e.g., McDaniel v. Wisconsin Dep't of Corr.*, No. 20-CV-1919-BHL, 2021 WL 1515482, at *3 (E.D. Wis. Apr. 16, 2021).

To state a claim under the Eighth Amendment, Brown must allege: (1) that he suffered from an objectively serious risk of harm; and (2) that the defendants were subjectively deliberately indifferent to it. *See Farmer v. Brennan*, 511 U.S. 832, 834 (1994). Additionally, §1983 limits liability to public employees who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal

4

responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

Brown fails to state an Eighth Amendment claim against any of the individual defendants. Brown's assertion that everyone at the institution, including HSM Johnson and Unit Manager McGinnis, "knew" about his knee injury because he filed numerous inmate complaints, *see* Dkt. No. 44 at 7, is not adequate to allege personal knowledge by each individual defendant. *See Burks*, 555 F.3d at 593-94. Brown also does not provide any details about what each individual defendant said or did to violate his constitutional rights. Most of the individual defendants are not mentioned anywhere in the second amended complaint other than the caption. With respect to NP Bowens, Dr. Murphy, Dr. Tannan, Dr. Wheatley, NP Hermes, RN Feltz, MPAA Giesler, and Lt. Schwebke, Brown alleges that they allegedly "denied" his "requests." But it's unclear when this happened or what he even requested. Without these basic details, the Court cannot reasonably infer that these individuals were deliberately indifferent towards a risk of serious harm. Stated differently, ruling on an inmate's request, on its own, does not impose §1983 liability. *Burks*, 555 F.3d at 595. Brown's generic statement that "all the individuals named in the complaint failed to protect Brown from further harm," *see* Dkt. No. 44 at 7, is inadequate to state an Eighth Amendment claim against any of the individual defendants. Therefore, the Court will dismiss the remainder of the defendants from the case for failure to state a claim.

## CONCLUSION

The Court finds that Brown may proceed on an ADA/RA claim for monetary damages and injunctive relief against ADA Coordinator Fromolz in connection with allegations that he has been denied reasonable accommodations for his injured knee at the Oshkosh Correctional Institution.

5

**IT IS THEREFORE ORDERED** that Keith Johnson, Dawn Fofana, Michael Misner, Kevin Carr, NP Bowens, Dr. Murphy, Dr. Tannan, Dr. Wheatley, NP Hermes, RN Feltz, MPAA Giesler, Lt. Schwebke, McGinnis, and the Department of Corrections are **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Brown's second amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on ADA Coordinator Fromolz.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, ADA Coordinator Fromolz shall file a responsive pleading to the second amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin on January 29, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge