UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LEE ANTHONY BROWN,

        Plaintiff,

      v.                                                                                                 Case No. 21-cv-542-bhl

SHERI FROMOLZ,

        Defendant.

---

# DECISION AND ORDER

---

Plaintiff Lee Anthony Brown, who is representing himself, is proceeding on an Americans with Disabilities Act/Rehabilitation Act (ADA/RA) claim against Defendant Sheri Fromolz in connection with allegations that she denied his request for reasonable accommodations on April 12, 2021 at the Oshkosh Correctional Institution. Dkt. Nos. 44 & 47. On June 3, 2024, Defendant filed a motion for summary judgment based on Brown's failure to exhaust administrative remedies prior to bringing this lawsuit. Dkt. No. 55. Because the undisputed facts show that Brown did not file <u>any</u> inmate complaints concerning Fromolz's denial of his request for reasonable accommodations, the Court will grant the motion for summary judgment and dismiss the case without prejudice.

## UNDISPUTED FACTS

At the relevant time, Brown was an inmate at the Oshkosh Correctional Institution (OCI), where Fromolz was the ADA coordinator. Dkt. No. 57, ¶¶1-2. According to Brown's second amended complaint, on April 11, 2021, he filed an ADA/RA request for certain accommodations for his knee. *Id*., ¶¶3-4, *see also* Dkt. No. 44 at 6; *see also* Dkt. No. 60-1 at 17. Specifically, he

requested a low bunk, a low tier, and to leave no obstacles in his way forcing unnatural movements to access the door and/ or toilet. *Id*. On April 12, 2021, ADA Coordinator Fromolz denied the request, claiming that it was a "medical condition" and "not an ADA issue." Dkt. No. 60-1 at 17. Plaintiff did not file any inmate complaints about ADA Coordinator Fromolz's denial of his request for reasonable accommodations. Dkt. No. 57, ¶ 6; *see* also Dkt. No. 58-1.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The party asserting that a fact is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

Defendant contends that Brown failed to exhaust administrative remedies because he did not file any inmate complaints concerning his ADA/RA claim prior to bringing this lawsuit. Dkt.

2

Nos. 56 & 63.  Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted."  42 U.S.C. §1997e(a).  "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation is filed."  *Chambers v. Sood,* 956 F.3d 979, 983 (7th Cir. 2020).  "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances."  *Id*.  (citing *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019)).

The Seventh Circuit "has taken a strict compliance approach to exhaustion."  *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).  A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court."  *Id.*  "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Wisconsin established the Inmate Complaint Review System (ICRS) to review inmate grievances.  Wis. Admin. Code § DOC 310.05.  Inmates are required to exhaust "all administrative remedies the department has promulgated by rule" before commencing a civil action.  *Id*.  Inmates must file an inmate complaint with the ICE within 14 days of the relevant occurrence.  Wis. Admin. Code § DOC 310.07(2).  The inmate complaint must provide enough facts to give defendants "notice of, and an opportunity to correct, a problem."  *Price v. Friedrich*, 816 F. App'x 8, 10 (7th Cir. 2020) (quoting *Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020)).  The inmate "need not lay out the facts, articulate legal theories, or demand particular relief."  *Strong v. David,* 297 F.3d 646, 649 (7th Cir. 2002).  But the inmate complaint must "alert[] the prison to the nature of

3

the wrong for which redress is sought." *Id.* at 650. The inmate must then appeal the ICE's decision through the proper channels all the way to the Office of the Secretary (OOS), who is the final decision maker. § DOC 310.13(1)-(3).

Inmates need not exhaust administrative remedies that are unavailable, however. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies are "unavailable" where "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates'; (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use;' or (3) prison administrators take affirmative action to thwart use of the grievance process." *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018) (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)).

Brown's inmate complaint history report confirms that he did not file any inmate complaints concerning ADA Coordinator Fromolz's decision to deny his requests for reasonable accommodations on April 12, 2021. *See* Dkt. No. 58-1. Fromolz has therefore shown that Brown failed to exhaust administrative remedies on his claim.

In response, Brown identifies three inmate complaints that he filed *earlier* in the year (in March 2021) that he believes exhausted his administrative remedies on his ADA/RA claim: (1) OSCI-2021-4306; (2) OSCI-2021-4618; and (3) OSCI-2021-4619. *See* Dkt. No. 60-1. The first inmate complaint, OSCI-2021-4306, has not been provided to the Court as a part of the record by either party. *See* Dkt. Nos. 55-65. But, based on other documents submitted by Brown, it appears that the ICE construed that inmate complaint as denial of appropriate medical care for a knee injury that occurred on March 11, 2021. Dkt. No. 60-1 at 4-6. The second inmate complaint, OSCI-2021-4618, filed on March 18, 2021, alleges "I am in a cell with a cellmate that has a wheelchair and it poses a fire hazard." Dkt. No. 65-1 at 9. And the third inmate complaint, OSCI-2021-4619,

4

also filed March 18, 2021, requests a lower bunk because "I have a serious knee injury that causes me extreme pain and suffering." Dkt. No. 65-2 at 12.

These inmate complaints do not satisfy exhaustion, however. First, as a matter of simple timing, Brown could not have exhausted administrative remedies in March 2021 on a claim that Fromolz failed to accommodate an ADA/RA request he did not make until the following month – in April 2021. Brown could not have known in March 2021 what Fromolz was going to do with his ADA/RA request in April 2021. Second, even if Brown could have somehow exhausted a claim before it had accrued, the inmate complaints he filed in March 2021 would not have given notice of an ADA/RA claim. As the Seventh Circuit has long held, not all injuries are a "disability" under the ADA/RA. *Rooney v. Koch Air, LLC*, 410 F.3d 376, 381 (7th Cir. 2005) ("Not all impairments or conditions qualify as a disability within the meaning of the ADA."). To be "disabled," an individual must be so limited in "one or more major life activities" that he is impaired in his ability to care for himself, perform manual tasks, see, hear, eat, sleep, walk, stand, lift, bend, speak, breathe, learn, read, concentrate, think, communicate, and work. *Id*.; *Jaros v. Illinois Dep't of Corr.,* 684 F.3d 667, 672 (7th Cir. 2012); *see also* 42 U.S.C. § 12102(1)(A). Brown's inmate complaints from March 2021, complaining about knee pain and that his cellmate's walker posed a "fire hazard," would not have given the ICE notice that he was alleging that he was a disabled inmate whose ADA/RA rights were violated. Toward that end, none of his inmate complaints said that he was "disabled," that he had a condition so severe that it prevented him from walking or standing, that he made an ADA/RA request that was improperly denied, or that he believed his ADA/RA rights were even violated at all. The ICE therefore reasonably construed the three inmate complaints from March 2021 as a "medical" and/or "housing" dispute, not a disability for which reasonable accommodations were denied under the ADA. *See e.g., Williams*

5

*v. Baldwin*, 239 F. Supp. 3d 1084, 1090-91 (N.D. Ill. 2017) (concluding that a Plaintiff did not satisfy exhaustion by filing an inmate complaint referencing a letter about ADA issues because the inmate complaint itself did not complain about the denial of reasonable accommodations under the ADA). Therefore, Brown's three inmate complaints from March 2021 did not exhaust administrative remedies on his claim that ADA Fromolz denied his request for reasonable accommodations in April 2021 in violation of the ADA/RA.

Brown also points to a variety of other documents he filed, such as incident reports and health service requests, to show that he exhausted administrative remedies on the ADA/RA claim. However, the ICRS required Brown to raise the ADA/RA claim in an inmate complaint to properly exhaust administrative remedies, and Brown cannot use other documents to craft his own unique exhaustion process. *See Chambers,* 956 F.3d at 983; *see also Williams*, 239 F. Supp. 3d at 1091 ("There is nothing in these procedures that would allow a prisoner to write down only some of his complaints on the grievance form, and then provide the remainder of his complaints by reference to a previous letter."). Brown also attempts to argue that his knee injury somehow made administrative remedies "unavailable" to him. But there is no evidence that he was physically unable to retrieve an inmate complaint due to immobility in April 2021. *See Hurst v. Hantke,* 634 F. 3d 409, 412 (7th Cir. 2011) (concluding that a Plaintiff was required to "present evidence" to support his contention that an incapacity prevented him from filing an inmate complaint). Brown's knee may have hurt during that time, but there is no evidence that it prevented him from acquiring and filing an inmate complaint. Nor does he allege, for example, that he ever asked staff to deliver him an inmate complaint due to pain or immobility and they refused. The remainder of Brown's arguments involve the merits of his claim, but the Court has no authority to make a merits-based exception to exhaustion. *See Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016). The Court will

therefore grant Defendant's motion for summary judgment and dismiss this case without prejudice. Brown can refile this case after he properly raises and exhausts his ADA/RA claim through the ICRS.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment based on failure to exhaust administrative remedies (Dkt. No. 55) is **GRANTED;** and the case is **DISMISSED without prejudice.** The Clerk's office shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 18, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.